PER CURIAM.
In this appeal filed pursuant to Florida Rule of Criminal Procedure 3.850, the appellant raises three substantive issues. We reverse and remand for further proceedings on issues one and three, and affirm the second issue for the reasons expressed below.
Robert Cohs alleges that judgments were entered against him both at the time of his plea and several months later at sentencing. The trial court conceded this in its order, but attached only the second judgment, claiming one was mere surplusage. We remand for attachment of the first judgment because the record presently before us does not conclusively refute the defendant’s allegations.
Cohs’ second point is that his initial counsel, who had withdrawn, participated in the sentencing process. This the trial judge denied, indicating that counsel was merely present in the courtroom during sentencing. The record indicates otherwise, and shows that the prior counsel did in fact engage in representation of the defendant during this phase of the case. However, Cohs fails to demonstrate any prejudice, and, accordingly, we affirm the finding of the trial court.
Thirdly, Cohs asserts that he was entitled to be sentenced pursuant to the guidelines. The court denied relief because Cohs entered into a negotiated plea. However, while counsel appeared at sentencing to concur on the negotiated plea, the record before us does not contain a transcript of the plea hearing or any other indication of the defendant’s acquiescence in same during the proceedings.
We therefore remand for further proceedings. Unless portions of the record or files exist conclusively refuting the appellant’s assertions that two separate judgments were entered against him and that he was expecting a guideline sentence when he entered his plea, the trial court must conduct an eviden-tiary hearing on these claims. Any party aggrieved by the subsequent action of the trial court must file a timely notice of appeal to obtain further appellate review.
Affirmed in part, reversed in part and remanded for further proceedings.
CAMPBELL, A.C.J., and PATTERSON and LAZZARA, JJ., concur.